UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

PROGRESSIVE WASTE SOLUTIONS OF LA., INC.　　*CIVIL NO. 6:12-0851

VERSUS　　*JUDGE HAIK

LAFAYETTE CITY-PARISH
CONSOLIDATED GOVERNMENT　　*MAGISTRATE JUDGE HILL

## MEMORANDUM RULING ON MOTION FOR CONTEMPT AND SANCTIONS AND ORDER

On October 17, 2014, the undersigned held a hearing in open Court on the Motion for Contempt and Sanctions filed by defendant, Lafayette City-Parish Consolidated Government ("LCG"), on October 7, 2014. [rec. doc. 103]. Appearing at the hearing were David B. Parnell, Jr., representing plaintiff, Progressive Waste Solutions of LA, Inc. ("Progressive"), and Robert E. Torian and Cliffe E. Laborde, III, representing LCG. After the hearing, the Court took the Motion for Contempt and Sanctions under advisement. This Ruling follows.

**PROCEDURAL STATUS**

The complainant, Progressive, has filed this suit against the Lafayette Consolidated Government ("LCG") asserting that LCG unlawfully took the property and/or property rights of Progressive by revoking building permits which had been issued to Waste Facilities of Lafayette for the construction of a multipurpose non-processing waste transfer station and hauling facility on Sunbeam Lane in Lafayette Parish, that had been leased to, and was to be operated by, Progressive in furtherance of its solid waste hauling and disposal business. LCG has entered into a settlement agreement with Waste Facilities of Lafayette which also sued LCG; therefore, Progressive is the sole remaining plaintiff.

This case has been contentious since its inception and has required multiple hearings and telephone conferences involving, among other things, discovery disputes.  It is one of these discovery disputes which has resulted in this motion for contempt and sanctions filed by LCG.

On July 17, 2014, the Court granted a motion to compel filed by LCG. [Rec. Doc. 93]. During the telephone hearing on the motion to compel, which was not transcribed, Progressive objected to being compelled to furnish its financial projections for the facility which had been built in Duson, Louisiana after the permits for the Sunbeam Lane location were revoked. LCG took the position then, as it has consistently throughout this litigation, that this evidence was relevant to the damages being claimed by Progressive. The Court agreed, and ordered the production of the financial information. [Rec. Doc. 97].

 On October 7, 2014, LCG filed this motion for contempt and sanctions, arguing that Progressive had failed to comply with the Court's order. Specifically, LCG argued that only four pages of financials had been received from Progressive, and then over two months after the Court compelled the production. Specifically, LCG alleged that it went forward with depositions of two Progressive representatives on September 30, 2014 at which point counsel for LCG learned that there were substantial financial reports and data of Progressive which had not been produced.

When confronted with this failure to produce the records as required by this Court, counsel for Progressive asserted that there were two different operations at the Duson facility, that is, waste transfer and hauling, and that the waste transfer records had been produced. Despite requests to do so, Progressive refused to produce any other records. This motion for

contempt followed.

**THE HEARING ON THE MOTION**

At the hearing on the motion for sanctions and contempt, counsel for Progressive argued that he believed that the Court's ruling on the motion to compel did not require the production of financial information related to "hauling" because LCG had never asked for any information on the hauling operation.

However, the discovery which the Court compelled Progressive to provide did not differentiate between activities being conducted at the Duson site. Rather, the discovery which was ordered produced related to operations of Progressive "at the Duson facility".

Nevertheless, counsel for Progressive attempted to justify his failure to comply with this Court's order by relating it to other discovery which had been requested and also to the joint protective order which had been entered by the Court on the joint motion of the parties. That protective order refers to any "waste transfer station" including the one located in Duson.

Thus, in essence, counsel for Progressive argues that the Court's ruling on the motion to compel is limited, at least in part, by the protective order, the language of which was prepared by counsel for Progressive and was never intended by the Court, or counsel for LCG, to have any limiting effect whatsoever.

**ANALYSIS**

It is clear to the Court that counsel for Progressive has attempted to avoid the clear ruling of the Court by attempting to parse the Court's ruling based on prior proceedings and rulings not relevant to the issue here, and by crafting language in a joint protective order in an

attempt to provide cover for counsel's attempt to avoid this Court's ruling.

The Court will not countenance such behavior by counsel. The discovery requests which the Court compelled Progressive to provide were not limited to any particular activity being conducted at the Duson facility. While there was no court reporter present to record the telephone hearing on the motion to compel (a circumstance which will not be repeated) the Court's recollection is clear. At all times, on the issue of damages, LCG has argued that Progressive has actually gained a financial benefit from its construction of the Duson facility. It is precisely this argument on damages that the subject discovery sought to address. Apparently, when counsel for Progressive's argument that this evidence was irrelevant and therefore should not be compelled was rejected, counsel simply decided to attempt to avoid the Court's ruling.

This the Court will not allow.

In an attempt to avoid the sanction of contempt counsel argues that any mistake that he made was honest, and not in bad faith, because he was simply mistaken in the breadth of the Court's ruling. Given the context of the argument made by counsel to the Court during the motion to compel, this argument lacks all credibility. Furthermore, if counsel did not understand the breath of the Court's ruling a motion to clarify the ruling could have been brought; no such motion was filed, which further supports the Court's belief that counsel was simply attempting to avoid his obligation to comply with this Court's order. Given the lack of a transcript of the telephonic hearing on the motion to compel this Court cannot characterize counsel's failure as contumacious. However, it is only the lack of that transcript which prevents the Court from doing so.

At the hearing on the motion for contempt and sanctions, counsel for LCG, when asked by the Court what remedy he sought, asked for the dismissal of the claims filed by Progressive. The failure of counsel for Progressive to comply with this Court's order to compel does not allow that sanction.

There is no question that the sanction of dismissal is available und under Rule 37. In that regard, the Fifth Circuit, in *Moore v. CITGO Refining and Chemicals Co., L.P.,* 735 F.3d 309 (5th Cir. 2013) said,

> Rule 37(b)(A)(v) expressly contemplates dismissal, and the district court's discretion thereunder is broad. *Bluitt v. Arco Chem.*, 777 F.2d 188, 191 (5th Cir.1985). "The courts have consistently demonstrated their willingness to impose the ultimate sanction of dismissal or default." Gregory P. Joseph, Sanctions: The Federal Law of Litigation Abuse § 49(B)(4), at 729 (5th ed.2013) (citation omitted). "[D]ismissal is a severe sanction that implicates due process." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir.1994). Rule 37 dismissal, however "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (per curiam).

At p. 315-16.

However, the Court in *Moore* also recognized that:

> [S]everal factors ["Conner factors"] must be present before a district court may dismiss a case with prejudice as a sanction for violating a discovery order: (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;" (2) the violation of the discovery order must be attributable to the client instead of the attorney, (3) the violating party's misconduct "must substantially prejudice the opposing party;" and (4) a less drastic sanction would not substantially achieve the desired deterrent effect. (citations omitted)

*Id.* At 316.

In this case, there is absolutely no indication that Progressive, in any way, had any part in counsel's actions. Apparently, the decision to avoid this Court's order was the sole decision of counsel. Additionally, the factor of "substantial prejudice" is lacking since the representatives of Progressive can be deposed with the subject discovery quickly. Therefore, the sanction of dismissal, as requested by the LCG, is denied.

Furthermore, the sanction of contempt is denied. This, for the Court, is a much closer call. Again, because no transcript of the hearing on the motion to compel is available, the Court does not feel that there is sufficient clarity in the record to support a finding of contumacious conduct on the part of counsel. The Court is convinced that it was clear what was ordered compelled to be produced, but, without a transcript, the Court believes that the record does not support such a finding. It is only that lack which precludes the Court from finding counsel's conduct to be contumacious and contemptuous.

Other sanctions under Rule 37 will be imposed. Accordingly for those reasons set out above;

**IT IS ORDERED** that the Motion for Contempt [rec. doc. 103] is **DENIED**.

**IT IS FURTHER ORDERED** that Progressive produce **all** financial and related documentation **for any and all operations** which occur at Progressive's Duson facility **within ten (10) days**.

**IT IS FURTHER ORDERED** that the Motion for Sanctions [rec. doc. 103] is **GRANTED**. The following sanctions are hereby imposed pursuant to Rule 37, F.R.Civ.P.:

1. Counsel for Progressive is hereby cast with the costs and attorney's fees incurred by LCG with the filing and bringing of this motion, as well as the costs and fees of counsel in attending the hearing;

2. Counsel for Progressive is cast with the costs and attorney's fees for the taking of the deposition of Progressive's Area Manager, Bruce Emley, and District Manager, Mike Dingler on September 30, 2014;

3. Counsel for Progressive is cast with the costs and attorney's fees for the re-deposition of Bruce Emley, Mike Dingler, and/or any other appropriate representative of Progressive with knowledge of Progressive's financial and related documentation for operations at the Duson facility made appropriate by the production of the financial information ordered hereby.

4. Counsel for LCG is to furnish an affidavit setting out the fees and expenses for items 1 and 2 above by October 27, 2014. Any opposition or traverse of these fees and expenses by counsel for Progressive shall be filed by October 30, 2014.

**IT IS FURTHER ORDERED** that the re-depositions of the Progressive personnel are to be scheduled immediately, and are to be taken as soon as possible after the production of the financial information.

**IT IS FURTHER ORDERED** that the sanctions imposed hereby are against counsel, and are to be paid by counsel or his lawfirm and not by the client, Progressive.

October 22, 2014, Lafayette, Louisiana.

/s/ C. Michael Hill
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE