UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

PROGRESSIVE WASTE SOLUTIONS OF LA., INC.  \*CIVIL NO. 6:12-0851

VERSUS  \*JUDGE HAIK

LAFAYETTE CITY-PARISH
CONSOLIDATED GOVERNMENT  \*MAGISTRATE JUDGE
HILL

## RULING ON ATTORNEYS' FEES

Pending before the undersigned is the determination of the amount of attorney's fees and expenses owed by plaintiff, Progressive Waste Solutions of LA, Inc. ("Progressive"), to defendant, Lafayette City-Parish Consolidated Government ("LCG"), pursuant to the Memorandum Ruling on Motion for Contempt and Sanctions and Order dated October 22, 2014.  [rec. doc. 118].

By the Order, the undersigned imposed the following sanctions against counsel for Progressive pursuant to Rule 37, F.R.Civ.P.:

> 1. The costs and attorney's fees incurred by LCG with the filing and bringing of the Motion for Contempt and Sanctions filed by LCG [rec. doc. 103], as well as the costs and fees of counsel in attending the hearing on the motion;
>
> 2. The costs and attorney's fees for the taking of the deposition of Progressive's Area Manager, Bruce Emley ("Emley"), and District Manager, Mike Dingler ("Dingler"), on September 30, 2014, and
>
> 3. The costs and attorney's fees for the re-deposition of Emley, Dingler, and/or any other appropriate representative of Progressive with knowledge of Progressive's financial and related documentation for operations at the Duson facility made appropriate by the production of the financial information ordered hereby.

The undersigned further ordered counsel for LCG to furnish an affidavit setting out the fees and expenses for items 1 and 2 above.

On October 31, 2014, counsel for LCG, Cliffe E. Laborde, III ("Laborde") and Robert E. Torian ("Torian"), filed Affidavits Relative to Attorney's Fees and Costs Incurred in Connection with the Depositions of Bruce Emley and Mike Dingler and Lafayette City-Parish Consolidated Government's Motion for Contempt and Sanctions. [rec. doc. 122].[1]  Progressive filed a response on October 30, 3014.  [rec. doc. 119].  On November 4, 2014, LCG filed a memorandum in response to Progressive's brief.  [rec. doc. 125].  This Ruling follows.

## Law and Analysis

### *GUIDELINES FOR ATTORNEYS' FEES AND EXPENSES CALCULATION*

LCG seeks costs and attorney's fees pursuant to the undersigned's Order. Progressive objects to the amount requested on the grounds that some of the fees requested in the affidavits are duplicative and excessive.

A fee award is governed by the same law that serves as the rule of decision for substantive issues in the case. *Chevron USA, Inc. v. Aker Mar. Inc.*, 689 F.3d 497, 505 (5th Cir. 2012) (*citing Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002)).  In diversity cases such as this one, attorney's fee awards are governed by state law. *Northwinds Abatement, Inc. v. Employers Ins. of Wausau*, 258 F.3d 345, 353 (5th Cir.

---

[1] The Affidavits were originally sent directly to the undersigned and then filed into the record pursuant to the Court's instruction.

2001); *Mid-Continent Casualty Co. v. Chevron Pipe Line Co.*, 205 F.3d 222, 230 (5th Cir. 2000).  In this case, Louisiana law applies.

In Louisiana, the amount of an attorneys'-fees award is governed by Rule 1.5 of the Rules of Professional Conduct.  *Chevron USA, Inc. v. Aker Mar. Inc.*, 689 F.3d 497, 505 (5th Cir. 2012) (*citing State Dep't of Transp. & Dev. v. Williamson*, 597 So.2d 439, 442 n. 9 (La.1992)).  The factors therein are very similar to those used in the federal "lodestar" method as set out in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir.1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319 (5th Cir.1995); *Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564 (5th Cir. 2006).

Determination of reasonable attorney's fees involves a two-step procedure.  *Kellstrom*, 50 F.3d at 324 ((*citing Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40, 51 (1983)).  Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers.  *Id*.  Then, the district court must multiply the reasonable hours by the reasonable hourly rates.  *Id*.  The product of this multiplication is the lodestar, which the district court then either accepts or adjusts upward or downward, depending on the circumstances of the case, after assessing the dozen factors set forth in *Johnson*.  *Wegner v. Standard Insurance Company*, 129 F.2d 814, 822 (5th Cir. 1997).

## Issues and Analysis

The focus now turns to the fees requested by LCG's counsel.  Laborde seeks $1,718.75 in fees for attorney's fees incurred in taking the depositions of Emley and Dingler (6.25 hours by Laborde x $275.00 per hour); $5,225.00 in fees for preparing LCG's Motion for Contempt and Sanctions (19.00 hours by Laborde x $275.00 per hour); $560.00 in fees for researching for the motion (3.5 hours by Marc Mandich x $160.00 per hour), and $385.00 in fees for attending the hearing on the motion (1.4 hours by Laborde x $275.00 per hour).  Torian seeks fees in the amount of $1,406.25 for the taking the depositions of Emley and Dingler (6.25 hours by Torian x $225 per hour); $1,047.10 in court reporter fees for those depositions; $3,757.50 for researching and drafting the motion (16.7 hours by Torian x $225 per hour), and $315.00 for attending the hearing on the motion (1.40 hours by Torian x $225 per hour).

### Reasonable Hours Expended by Laborde and Torian

In determining the number of hours billed for purposes of calculating the lodestar, the Court must determine whether the requested hours expended by counsel were reasonable in light of the facts of the case and the work performed.  *Guity v. Lawson Envtl. Serv., LLC*, — F.Supp.3d —, 2014 WL 4723295, *3 (E.D. La. Sept. 23, 2014) (*citing Hernandez v. U.S. Customs and Border Protection Agency*, 2012 WL 398328, *14 (E.D. La. Feb. 7, 2012)).  The burden of proving the reasonableness of the hours

expended is on the fee applicant. *Mota v. University of Houston Health Science Center*, 261 F.3d 512, 528 (5th Cir. 2001).

The Court must also determine whether the records show that the movant's counsel exercised billing judgment and should exclude all time billed for work that is excessive, duplicative, or inadequately documented. *Guity*, at *2. A careful review of all of the entries reveals that some were duplicative or excessive.

The undersigned notes instances of duplicative work by Laborde and Torian, particularly the entries for having both attorneys appear at the same court proceedings and prepare the same pleadings. For example, Laborde and Torian each billed 6.25 hours for taking the depositions of Emley and Dingler, and 1.40 hours for attending the hearing on the motion for contempt and for sanctions. Additionally, Laborde billed 19.00 hours for preparing for the motion for contempt and for sanctions, while Torian billed 16.7 hours for researching and drafting the same motion.

The undersigned finds that the billing of both attorneys for attending the hearing is duplicative; therefore, Torian's time is excluded, since Laborde conducted the entirety of the argument. Further, I find that Laborde's billing of 19.00 hours for preparing the motion is excessive, and I therefore reduce that to 9.0 hours. The undersigned notes that three attorneys for Progressive also prepared briefs related to the motion for contempt and for sanctions; thus, the remaining time for Torian, Laborde and Mandich will be allowed.[2]

---

[2] The Court further notes that multiple counsel for the plaintiff have attended virtually every hearing and every conference call.

**Hourly Rates Claimed**

In determining the hourly rates for purposes of calculating the lodestar, the Court must determine a reasonable rate for each attorney at the prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation.  *Hernandez*, 2012 WL 398328  at *14 *(citing Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)). The burden is on the fee applicant to submit satisfactory evidence that the requested rate is aligned with prevailing market rates.  *Wheeler v. Mental Health & Mental Retardation Auth. of Harris County, Tex.*, 752 F.2d 1063, 1073 (5th Cir. 1985).

Progressive has no objection to the rate billed by LCG's attorneys.  Based on the skill, experience and reputation of counsel, I find that the rates billed are reasonable.

***Johnson* Analysis**

Next, the second step allows the Court to make downward adjustments, or in rare cases, upward adjustments, to the lodestar amount based upon consideration of the twelve Johnson factors.  The twelve Johnson factors are the following: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10)

the "undesirability" of the case; (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Johnson*, 488 F.2d at 717.

Courts apply a "strong presumption that [the lodestar] figure is reasonable." *Hernandez*, 2012 WL 398328, at *16. Nevertheless, the Court must still consider the twelve Johnson factors. Although the Court need not be "meticulously detailed" in its analysis, it must nonetheless articulate and clearly apply the twelve factors to determine how each affects the lodestar amount. The Court should give special consideration to the time and labor involved, the customary fee, the amount involved and the results obtained, and the experience, reputation, and ability of counsel. However, to the extent that a factor has been previously considered in the calculation of the benchmark lodestar amount, a court should not make further adjustments on that basis. *Id*. (internal citations omitted).

A listing of the factors and analysis of each factor as it applies in this case follow. (1) Time and labor involved: the lodestar adequately compensates time and labor involved. (2) Novelty and difficulty of the questions: discovery-related motions are regularly before this Court. (3) The skill required to perform the legal services properly: the hourly rate adequately compensates counsel for the level of skill required to handle this case competently. (4) Preclusion of other employment: no evidence was offered to establish that this case precluded handling of other cases. (5) Customary fee: the hourly rates fall within the range in this market. (6) Fixed or contingent fee: this case was billed

on an hourly basis; thus, this factor does not justify adjustment.[3]  (7) Time limitations: no evidence was adduced on this point.[4]  (8) The time involved and the results obtained: this discovery dispute was resolved within three months; thus, the lodestar adequately compensates for this factor; however, as the Supreme Court has greatly limited the use of this factor, and no specific evidence has been introduced in support, the lodestar requires no adjustment.  *Walker*, 99 F.3d at 771.  (9) The experience, reputation and ability of counsel: the lodestar adequately compensates for this factor.  (10) The undesirability of the case: no evidence was adduced on this point.  (11) The nature and length of the professional relationship with the client: no evidence was adduced on this point.  Thus, the lodestar adequately compensates for this factor.  (12) Awards in similar cases: Counsel has not cited any in the motion for attorney's fees.  The lodestar is presumptively reasonable and should be modified only in exceptional cases.  *City of Burlington v. Dague*, 505 U.S. 557, 112 S.Ct 2638, 2641, 120 L.Ed.2d 449 (1992).  This is not such a case; the lodestar requires no adjustment.

---

[3]In *Walker*, 99 F.3d at 772, the Fifth Circuit noted that the Supreme Court has barred any use of the sixth factor.  *See City of Burlington v. Dague*, 505 U.S. 557, 567, 112 S.Ct. 2638, 2643, 120 L.Ed.2d 449 (1992); *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir.), *cert. denied*, 510 U.S. 991, 114 S.Ct. 548, 126 L.Ed.2d 450 (1993).

[4]The seventh factor is subsumed in the number of hours reasonably expended.  *Walker*, 99 F.3d at 772.

*Expenses*

Finally, the request for costs and expenses totaling $1,046.25 in costs and expenses for deposition costs must be addressed. Progressive does not object to the amount of expenses incurred. Accordingly, I award the full amount of $1,046.25 in costs and expenses.

## CONCLUSION

For the reasons assigned hereinabove, the Court hereby awards the sum of $5,138.75 to Laborde and Mandich, and awards $5,163.75 to Torian for attorney's fees, and $1,046.25 in expenses, for a total of **$11,348.75.**

**IT IS SO ORDERED.**

Signed this 5th day of November, 2014, at Lafayette, Louisiana.

*[signature]*

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE