U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

JAN 14 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Progressive Waste Solutions of La, Inc. | Civil Action No. 12-00851 |
| versus | Judge Richard T. Haik, Sr. |
| Lafayette Consolidated Government | Magistrate Judge C. Michael Hill |

**ORDER**

Before the Court is an Appeal Of Magistrate Judge Decision To The District Court Regarding Defendant's Motion For Contempt And Sanctions filed by plaintiff, Progressive Waste Solutions of LA, Inc. ("Progressive) [Rec. Doc. 129] and an Opposition filed by defendant Lafayette Consolidated Government ("LCG") [Rec. Doc. 143].

*Background*

LCG filed a Motion For Contempt And Sanctions on October 7, 2014, based on Progressive's "evasive and incomplete response" to Magistrate Judge Hill's order compelling the production of Progressive's Duson financial records.[1] *R. 103.* LCG stated that it filed the motion to compel after receiving insufficient responses to Progressive's responses to its second and third discovery requests. LCG challenged the objections raised by Progressive and its refusal to provide complete financial documentation for its Duson Facility. Progressive maintained the Duson financials were not relevant to Progressive's "damage model."

Judge Hill conducted a hearing on the motion on October 17, 2014, *R. 113*, and issued his ruling on October 22, 2014. *R. 118.* In granting LCG's motion for sanctions, Magistrate Judge Hill found that Progressive "has attempted to avoid the clear ruling of the Court by attempting to parse the Court's ruling based on prior proceedings and rulings not relevant to

---

[1] On July 17, 2014, Judge Hill granted LCG's motion to compel discovery responses against Progressive. *R. 97.*

the issue here, and by crafting language in a joint protective order in an attempt to provide cover for counsel's attempt to avoid this Court's ruling." Judge Hill further held that counsel for Progressive's argument that he was not in bad faith because he was simply mistaken in the extent of the Court's ruling – "lacks all credibility." *R. 118, p. 4.*

Finding that "the decision to avoid this Court's order was the sole decision of counsel" and there was "no indication that Progressive ... had any part in counsel's actions," *Id. at p.* Judge Hill ordered that Progressive produce all financial and related documentation for any and all operations at the Duson facility and granted LCG's motion for sanctions casting **counsel** for Progressive with: (1) costs and attorney's fees incurred for filing and bringing the motion; (2) taking the depositions of Progressive's managers, Emley and Dingler, on September 30, 2014; and, (3) retaking the depositions of Progressive's managers, Emley and Dingler, and/or any other Progressive representative with knowledge of the financial and related documentation at the Duson facility. Judge Hill further ordered LCG to provide a fee affidavit by October 27, 2014, to which Progressive could file an opposition by October 30, 2014. Counsel for Progressive filed a timely opposition to LCG's fee affidavits on October 30, 2014. *R. 119, 122.*

### Standard

Rule 72(a) of the Federal Rules of Civil Procedure governs the review of Magistrate Judge orders by district court judges. Rule 72(a) provides in pertinent part that:

> (a) Nondispositive Matters. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed.R.Civ.P. 72(a). In applying this "clearly erroneous or contrary to law" standard, a

2

district court shall affirm the decision of the magistrate judge unless, based on all of the evidence, the court is left with a definite and firm conviction that the magistrate judge made a mistake. *Uviedo v. Steves Sash & Door Co.,* 738 F.2d 1425 (5th Cir. 1984).

*Analysis*

Progressive appeals Magistrate Judge Hill's ruling as clearly erroneous with respect to two issues. First, Progressive contends that the evidence indicated the alleged violation of the discovery order was "clearly unintentional" and the Court should dismiss all of the sanctions imposed in the ruling. Next, Progressive appeals the ruling as to the third provision which imposed sanctions for re-deposing Emley, Dingler and any other Progressive representation with knowledge of the Duson facility's financial information contending that sanctions are not warranted for the second set of depositions because these witnesses would have been deposed at least once in the course of discovery.

LCG first contends that Progressive did not timely file its appeal in this matter. The record indicates that Progressive filed its appeal on November 19, 2014, 28 days after Magistrate Judge Hill's ruling was entered into the record. In its appeal, apparently in anticipation of LCG's timeliness argument, Progressive states that after LCG submitted its fee affidavits and "the traversal of same by counsel for Progressive," Magistrate Judge Hill "again ... granted LCG's Motion for Sanction." *R. 129, p.2.* Judge Hill's October 22, 2014 ruling, however, clearly set out the sanctions which counsel Progressive addresses in its appeal. While Judge's November 5, 2014 ruling re-stated the sanctions, that ruling addressed only the fee affidavits and set the amount of sanctions. The Court finds counsel for Progressive's appeal is untimely.

LCG also addresses the merits of the appeal "out of an abundance of caution." Thus, assuming *arguendo* that the appeal was timely filed, upon considering counsel for

3

Progressive's appeal as well the entire record of this matter the Court finds the appeal is without merit.

"Fed.R.Civ.P. 37(b) empowers the courts to impose sanctions for failures to obey discovery orders. In addition to a broad range of sanctions, including contempt, Fed.R.Civ.P. 37(b)(2) authorizes the court to impose a concurrent sanction of reasonable expenses, including attorney's fees, caused by the failure to obey a discovery order." The district court "has broad discretion under Rule 37(b) to fashion remedies suited to the misconduct." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012).

Upon careful review of the record, specifically as to discovery disputes which have plagued this litigation, the Court agrees with Magistrate Judge Hill that the actions taken by counsel for Progressive have been to avoid the clear rulings of the Court, and therefore, the sanctions awarded under Rule 37 were substantiated. Moreover, the Court finds that the sanctions imposed for redeposing Progressive's managers and for deposing any other representative related to the Duson financial records were authorized under Rule 37(b), as they were necessary to deter future abuse of discovery. *Id.* at 490 (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) ("a primary purpose of Rule 37 sanctions is to deter future abuse of discovery"). Accordingly,

**IT IS ORDERED** that Progressive Waste Solutions of LA, Inc.'s appeal of Magistrate Judge C. Michael Hill's October 22, 2014 Ruling and Order [Rec. Doc. 129] is **DENIED** and the Magistrate Judge's decision is **AFFIRMED**.

Thus done and signed this 13th day of January, 2015 at Lafayette, Louisiana.

Richard T. Haik, Sr.
U.S. District Judge